UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Oscar Orlando Juarez Perez

        v.                                            Case No. 1:26-cv-00230-JL-AJ

David Wesling, et al.

## **ORDER**

Before the court is the habeas petition brought by Oscar Orlando Juarez Perez challenging his ongoing ICE detention.  In their response to the petition, the respondents "acknowledge that if the Court applies the reasoning set forth in *Destino* in the instant case, the Court would likely reach the same result and would order that Petitioner be afforded a bond hearing before an immigration judge."[1]  The respondents take the affirmative position that "Petitioner's detention is governed by 8 U.S.C. § 1225," and "object to this Court granting relief on the basis of *Destino*" because *Destino* was "wrongly decided."[2]

At the same time, the respondents assert that the petitioner is not entitled to class relief under *Guerrero Orellana* or *Maldonado Bautista* because he is "subject to mandatory detention under U.S.C. § 1226(c)."[3]  *See Guerrero Orellana v. Moniz*, 2025 WL 3687757 (D. Mass. Dec. 19, 2025); *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).  The respondents cite no authority for the proposition that petitioner's detention may simultaneously be governed by both statutory provisions. There can be only one operative basis for detention.  Having identified § 1225 as the basis for detention, the respondents have waived any argument that petitioner is detained (as opposed to "subject to… detention") under 1226(c).  *See, e.g., United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Pickering v. Citizens Bank, N.A.*, 2019 WL 3457602, at *4 (D.N.H. July 31, 2019) (DiClerico, J.) ("[A] court is not obligated to make arguments on behalf of a party, particularly a party represented by counsel, and may disregard arguments that are not developed."); *see also Dahua Tech. USA, Inc. v. Zhang,* 138 F.4th 1, 11 (1st Cir. 2025) (stating that a party is generally responsible for "the consequences of its decision to press one theory to the exclusion of another.").

Thus, based on the respondents' concession, the court GRANTS the petition[4] for a bond hearing based on the reasoning in *Destino* and orders the respondents to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable.  The

---

[1] Resp'ts' Resp. (doc. no. 7) at 2 (citing *Destino v. FCI Berlin, Warden,* 2025 WL 4010424 (D.N.H. Dec. 24, 2025) (Elliott, C.J.)).

[2] *Id.* at 1-2.

[3] Id. at 3.

[4] Pet. Writ Habeas Corpus (doc. no. 1).

petition is DENIED in all other respects.  The parties shall file a status report by **April 13, 2026**.


SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: April 3, 2026
Cc: Counsel of record

2